UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MICHAEL DUKE REEVES,

                                   Plaintiff,

           -against-

METROPOLITAN DETENTION CENTER OF
BROOKLYN, WARDEN OF METROPOLITAN
DETENTION CENTER BROOKLYN, CASE
MANAGER JOHN DOE JANE DOE, ABC
CORPORATION, and XYC CORPORATION,

                             Defendants.

------------------------------------------------------------x

**MEMORANDUM AND
ORDER**

15-CV-3262 (ENV)

VITALIANO, D.J.

      On May 29, 2015, *pro se* plaintiff Michael Duke Reeves, currently
detained at the Orange County Jail in Goshen, New York, commenced this
action, pursuant to 42 U.S.C. § 1983. However, plaintiff did not include a
Prisoner Authorization form in support of his application to proceed *in forma
pauperis* ("IFP"). The Prison Litigation Reform Act requires an incarcerated
plaintiff, who has not paid the filing fee, and seeking to proceed IFP, not only
to submit an IFP application but also a Prisoner Authorization form with the
filing fee to be paid in installments. 28 U.S.C. §§ 1915(a)(2) and (b)(1).
Failure to do so is grounds for dismissal of the plaintiff's complaint. *See*

*Razzoli v. Exec. Office of U.S. Marshals*, No. 10-CV-4269 (CBA), 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010).

By letter dated June 4, 2015, the Clerk's Office provided Reeves with a Prisoner Authorization form and advised him that, in order for his case to proceed, he must return a signed Prisoner Authorization form within 14 days from receipt of the letter. To date, Reeves has not filed a signed Prisoner Authorization. Instead, on June 15, 2015, Reeves filed a second application to proceed IFP, which does not comply with the Clerk's letter directing plaintiff to file a signed Prisoner Authorization form.

## Conclusion

For these reasons, this action is dismissed without prejudice, provided that plaintiff complies with all applicable laws and rules that are preconditions to filing.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:     Brooklyn, New York
           July 2, 2015

                                        s/Eric N. Vitaliano

                                        _____
                                        **ERIC N. VITALIANO**
                                        **United States District Judge**